JAMES H. BURNS, plaintiff in error. *vs.* ANDREW M. PARKS, administrator *de bonis non*, defendant in error.

B. was security on a note payable to G. and was also executor on the estate of his principal.   G. having obtained judgment on his debt caused a levy to be made on the property of the estate.   B. filed a bill of injunction and to marshal the assets.   A decree was taken in 1869 reciting that it was by consent of all parties, creditors and heirs, and directing, among other things, the payment of a certain proportion of the debts, except that of G., which was stated in the decree to be a slave debt, and out of the jurisdiction of the court.   A levy was afterwards made on the individual property of B., who filed an affidavit of illegality, setting up the foregoing facts, and that he had sold the property of the estate, paid what was going to creditors, and divided the balance with the heirs, and claiming that he was thereby discharged as security.   B. was one of the heirs :
*Held*, that B. was not discharged.

Principal and security.   Jurisdiction.   Slave debt.   Before J. J. FLOYD, Esq., Judge *pro hac vice*.   Jackson Superior Court.   February Term, 1874.

On the fourth day of March, 1867, William M. Gathright, as administrator upon the estate of C. C. Potts, deceased, recovered a judgment in Jackson superior court, against James H. Burns, as executor of David M. Burns, deceased, principal, and James H. Burns, security, for $1,188 30, principal, and $442 10 interest to the date of judgment, with accruing interest and costs.   On November 26th, 1873, the execution based on the aforesaid judgment, was levied upon certain lands as the property of James H. Burns, security.   He filed an affidavit of illegality setting up the following facts:

By a decree of the superior court of Jackson county, rerdered in the case of this defendant, as agent and receiver of the estate of David M. Burns, deceased, against William M. Gathright, administrator, John S. Hunter, deputy sheriff, John H. Newton *et al.*, creditors of the said David M., deceased, which was a bill to marshal assets and for injunction, and in the case of Lamar Cobb *et al.*, creditors of the said David H., against this defendant, as agent and receiver as

aforesaid, which was a creditor's bill, to both of which the plaintiff was a party, it was declared that the judgment upon which said execution was based, was for the purchase money of a slave or slaves, and the court being, under the constitution of the state, without jurisdiction thereof, could not make any allowance out of the assets of the estate to be paid thereto. The plaintiff was present in court when this decree was rendered, and consented thereto. This transpired on September 1st, 1869, during the August term of the superior court. This decree has been fully executed by this defendant, as receiver, by the sale of some of the property of David M. Burns, deceased, and the payment of the proceeds to the creditors, according to the terms thereof. What portion of said estate was not sold was divided among the heirs-at-law. Therefore, should this defendant pay plaintiff's claim, he would have no remedy against the estate of the principal. The plaintiff having failed to prosecute his claim against the estate of the principal by excepting to the decision of the court rendering said decree within the time prescribed by law, the debt against said estate having become thereby extinguished, the obligation of this defendant, as security, has also become extinct.

To the affidavit was attached a copy of the decree therein referred to. It purported to be by consent of all parties interested, and to dispose of all the litigation in reference to the estate of David M. Burns. It established rules by which all the assets were to be distributed. The claim of plaintiff was excluded for the reason set forth in the affidavit of illegality.

Upon demurrer, the illegality was dismissed, and defendant excepted.

William C. Gathright, administrator, having died pending the litigation, Andrew M. Parks, administrator *de bonis non*, was made a party in his stead.

SPEER & THOMAS; WILL. J. PIKE, for plaintiff in error.

J. B. ESTES, for defendant.

Burns *vs.* Parks.

TRIPPE, Judge.

It would scarcely be claimed that if the decree had been taken by consent of all parties, allowing other judgment creditors of the estate to take the whole assets, on the ground that they had a priority, the security would thereby have been discharged, had it turned out to be the fact, as ascertained afterwards, that such priority did not exist. If a plaintiff in execution, which has been levied on personal property of the principal, dismiss the levy by the consent of the surety, it does not operate a discharge of the surety. It would be difficult to conceive of anything which a creditor could do that would release the surety, when it was done by the surety's consent. If there be fraud, artifice or deception, practiced by the creditor, the question would be different. The consent decree in this case does not vacate or set aside the judgment or execution in favor of the plaintiff. Its legal effect is simply that it could not be enforced against the assets of the estate, the ground assigned therefor, by consent of parties, being that the consideration of the debt was a slave. The reason for the decree is not a good legal reason; but both parties consented that it should be taken—the surety as well as the creditor. It is no more than if the assets had been decreed to be paid to some other creditor, on some ground which the parties thought gave it priority, but which really did not. Besides, the surety took a benefit by this decree. He was an heir-at-law of the party for whom he was security. By consenting with this creditor that his debt could not be enforced against the estate, his share therein was increased. It would be hard that a surety, who had assets of his principal in his hands, could set up that they were not subject to the debt for which he was bound, and then claim that because the creditor concurred with him, and he had paid them out, he was thereby discharged; and especially where his share in such assets was greater by setting up and sustaining such defense than it otherwise would have been.

Judgment affirmed.